**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                                )
CHINYE OKOLIE and TYRONE DUCKETT, )
                                )
            Plaintiffs,          )
                                )
        v.                       )  Civ. Action No. 13-1874 (EGS)
                                )
FUTURE SERVICES GENERAL TRADING  )
& CONTRACTING COMPANY, W.L.L.,   )
                                )
            Defendant.           )
_____)
```

**MEMORANDUM OPINION**

Chinye Okolie and Tyrone Duckett bring this lawsuit alleging that Future Services General Trading and Contracting Company ("Future Services") injured them by negligently causing a car accident in Kuwait on December 4, 2010. Pending before the Court is Future Services's motion to dismiss for lack of personal jurisdiction. Upon consideration of the motion, the response and reply thereto, the applicable law, and the entire record, the Court **GRANTS** Future Services's motion.

**I.  Background**

Chinye Okolie and Tyrone Duckett are residents of Texas. First Am. Compl., ECF No. 16 ¶ 4. In 2010, they appear to have been working with the United States in some capacity in Kuwait. *See id.* ¶¶ 5-6, 9, 13-15. Future Services is a company based in Kuwait that contracted to provide vehicles to the United States Government for use in Kuwait. *See id.* ¶¶ 5-6. The contract

between Future Services and the United States contained a clause selecting the Court of Federal Claims as the appropriate forum for the resolution of contract-related disputes. *See id.* ¶ 5. Future Services previously contracted to provide trucks to the United States Government for use in Iraq. *See* Ex. A to Def.'s Mot. to Dismiss, ECF No. 18-1. In 2009, Future Services filed a lawsuit against the United States in the Court of Federal Claims—as required by the contract between the two parties—alleging that the United States had failed to return those trucks at the end of the lease term. *See* First Am. Compl., ECF No. 16 ¶ 5; Mem. in Supp. of Mot. to Dismiss, ECF No. 18 at 3.

On December 4, 2010, the plaintiffs were riding in a Future Services vehicle and driving alongside another Future Services vehicle. *See id.* ¶¶ 9, 11. The drivers of both vehicles "were operating them as the agents, servants, employees and/or representatives of the Defendant." *Id.* ¶ 12. The drivers began to race each other "at a high speed," and then the vehicle in which the plaintiffs were traveling "slammed into a vehicle stopped in front of it." *Id.* ¶ 11.

Plaintiffs filed this lawsuit on November 26, 2013, alleging that Future Services negligently caused the accident. *See* Compl., ECF No. 1. After some delay in effecting service of process due to difficulties conducting service in Kuwait, plaintiffs filed in July 2014 proof that the defendant had been

served. *See* Service Aff., ECF No. 9. Plaintiffs subsequently
filed an amended complaint. *See* First Am. Compl., ECF No. 16. On
October 3, 2014, Future Services moved to dismiss the First
Amended Complaint, arguing that the Court lacks personal
jurisdiction. *See* Mem. in Supp. of Mot. to Dismiss ("Mem."), ECF
No. 18. The plaintiffs oppose the motion. *See* Opp. to Mot. to
Dismiss ("Opp."), ECF No. 20. Future Services filed its reply
brief on October 23, 2014. *See* Reply in Supp. of Mot. ("Reply"),
ECF No. 21. The motion is now ripe for adjudication.

## II.  Analysis

Under Federal Rule of Civil Procedure 12(b)(2), a plaintiff
bears the burden of establishing a factual basis for personal
jurisdiction. *See Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454,
456 (D.C. Cir. 1990). To meet that burden, the plaintiff "must
allege specific acts connecting [the] defendant with the forum."
*Second Amendment Found. v. U.S. Conf. of Mayors*, 274 F.3d 521,
524 (D.C. Cir. 2001) (alteration in original). The Court need
not treat all of a plaintiff's allegations as true; rather, it
"may receive and weigh affidavits and other relevant matter to
assist it in determining the jurisdictional facts." *Buesgens v.
Brown*, 567 F. Supp. 2d 26, 31 (D.D.C. 2008) (quotation marks
omitted).

The Court may exercise one of two types of personal
jurisdiction: "general or all-purpose jurisdiction, and specific

or case-linked jurisdiction." *Goodyear Dunlop Tires Operations,
S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011). The existence of
general jurisdiction permits the Court to hear "any and all
claims" brought against the defendant. *See id.* By contrast,
"specific jurisdiction is confined to adjudication of issues
deriving from, or connected with, the very controversy that
establishes jurisdiction." *Id.* (quotation marks omitted).

Assessing whether the Court may exercise either type of
jurisdiction "typically implicates a state's jurisdictional
statute or rule." *Alkanani v. Aegis Defense Servs.*, 976 F. Supp.
2d 13, 21 (D.D.C. 2014) (quotation marks and alteration
omitted); *see also Daimler AG v. Bauman*, 134 S. Ct. 746, 753
(2014) ("Federal courts ordinarily follow state law in
determining the bounds of their jurisdiction over persons.").
The D.C. Code provides a statute that speaks to general
jurisdiction over foreign corporations, D.C. Code § 13-334, and
another that speaks to specific jurisdiction, D.C. Code § 13-
423. *See Gonzalez v. Internacional de Elevadores, S.A.*, 891 A.2d
227, 232 (D.C. 2006).[1]

---

[1] Plaintiffs appear to be under the erroneous belief that a third
method of establishing personal jurisdiction exists: When
exercising jurisdiction "will not offend traditional notions of
fair play and substantial justice" by virtue of the forum being
an efficient location for resolving the dispute. *See* Opp. at 6-
7. This is an inaccurate statement of the law, which
contemplates the exercise of personal jurisdiction only when the

A.    **The Court May Not Exercise General Jurisdiction.**

The District of Columbia general-jurisdiction statute permits the exercise of personal jurisdiction over "a foreign corporation doing business in the District." *Id.* § 13-334(a). This jurisdiction is contingent upon that corporation having been served through "the agent of the corporation or person conducting its business, or, when he is absent and can not be found, by leaving a copy at the principal place of business in the District, or, where there is no such place of business, by leaving a copy at the place of business or residence of the agent in the District." *Id.* If a plaintiff fails to serve the foreign corporation in the District in this manner, she is "foreclosed from benefiting from [the statute's] jurisdictional protection." *Gonzalez*, 891 A.2d at 233 (quotation marks omitted); *see also Gowens v. Dyncorp*, 132 F. Supp. 2d 38, 42 (D.D.C. 2001) (where plaintiff served foreign-corporation defendant "at its headquarters in Virginia," service did "not meet the requirements of D.C. Code § 13-334" and personal jurisdiction was therefore lacking). It is undisputed that plaintiffs served the defendant in Kuwait, not the District of Columbia, so the Court may not exercise general jurisdiction. *See* Mem. at 14-15; Service Aff., ECF No. 9.

---

requirements of specific or general jurisdiction have been met. *See, e.g.*, *Goodyear*, 131 S. Ct. at 2851.

In any event, plaintiffs' allegations would not establish
general jurisdiction. The scope of the phrase "doing business"
as used in the D.C. Code has been found to be "co-extensive with
the reach of" general jurisdiction under the Due Process Clause.
*Day v. Corner Bank*, 789 F. Supp. 2d 150, 155-56 (D.D.C. 2011).
The Due Process Clause permits "[a] court [to] assert general
jurisdiction over foreign . . . corporations . . . when their
affiliations with the State are so 'continuous and systematic'
as to render them essentially at home in the forum State."
*Goodyear*, 131 S. Ct. at 2851. It is undisputed that Future
Services is not incorporated in the District of Columbia and
does not have its principal place of business here. *See* Mem. at
16; Opp. at 7-10. Indeed, the only contacts with the District
that the plaintiffs allege are: (1) a lawsuit filed by Future
Services in the Court of Federal Claims regarding an unrelated
contract; and (2) the existence of contracts with the United
States that contain a clause selecting the Court of Federal
Claims as the appropriate forum for the resolution of disputes
regarding those contracts. *See* First Am. Compl., ECF No. 16 ¶ 5;
Opp. at 7-12. These minimal contacts are nowhere near sufficient
to show that Future Services is "essentially at home" in the
District of Columbia. *Goodyear*, 131 S. Ct. at 2851.[2]

_____

[2] To the extent that plaintiffs' mention of *Marshall v. I-Flow,*
*LLC*, 856 F. Supp. 2d 104 (D.D.C. 2012) is intended to support a

**B.    The Court May Not Exercise Specific Jurisdiction.**

The District of Columbia specific-jurisdiction statute authorizes the exercise of personal jurisdiction under certain enumerated circumstances, including when the defendant has "transact[ed] any business in the District of Columbia." D.C. Code § 13-423(a)(1). The D.C. Court of Appeals has indicated that the "transacting business" test is "coextensive with the Due Process Clause of the Fifth Amendment." *Gonzalez*, 891 A.2d at 234. Accordingly "the defendant must have minimum contacts with the forum so that exercising personal jurisdiction over it would not offend traditional notions of fair play and substantial justice." *Id.* (quotation marks omitted). "When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him." *Id.* § 13-423(b). Plaintiffs raise two actions—the existence of contracts with the

---

finding that general jurisdiction exists in this case, Opp. at 5, plaintiffs are mistaken. *Marshall* found general jurisdiction on the basis of allegations, not present here, that:

> Defendant has established and benefits from a partnership with the George Washington University Hospital, devotes an entire sales region to sales in Washington, D.C., profits from sales . . . to every major Washington, D.C. Hospital, and has obtained expert medical consulting services of prominent Washington, D.C. medical facilities and physicians.

*Marshall*, 856 F. Supp. 2d at 108 (quotation marks and alteration omitted).

United States that include forum-selection clauses designating the Court of Federal Claims as the appropriate forum for the resolution of contract disputes and Future Services's lawsuit against the United States in the Court of Federal Claims—as bases for specific jurisdiction. *See* First Am. Compl., ECF No. 16 ¶ 5; Opp. at 7–12.

The contract-related contacts may not be considered due to the "'government contacts' exception" to the specific-jurisdiction rule, which provides that "a nonresident's entry into the District of Columbia for 'the purpose of contacting federal governmental agencies cannot serve as a basis for personal jurisdiction.'" *Alkanani*, 976 F. Supp. 2d at 25 (quoting *Savage v. Bioport, Inc.*, 460 F. Supp. 2d 55, 62 (D.D.C. 2006)). Such contacts are "excluded from 'the jurisdictional calculus.'" *Id.* (quoting *Savage*, 460 F. Supp. 2d at 62); *see also United States v. Ferrara*, 54 F.3d 825, 831 (D.C. Cir. 1995) (contacts with federal agencies within the District of Columbia "will not give rise to personal jurisdiction").[3]

---

[3] Plaintiffs appear to argue that the Court may exercise personal jurisdiction because the contract between Future Services and the United States regarding the vehicles in which plaintiffs were riding is covered by 48 C.F.R. § 52.228-8, which makes a federal-government contractor "liable for . . . all actions or claims for loss of or damage to property or the injury or death of persons, resulting from the fault, negligence, or wrongful act or omission of the Contractor." Plaintiffs' argument is far from clear, but to the extent they intend to argue that this provision constitutes a waiver of personal jurisdiction or

Even if both sets of contacts could be considered, they fail to satisfy the requirement that the facts giving rise to the cause of action "aris[e] from" the minimum contacts that form the basis for personal jurisdiction. *See* D.C. Code § 13-423(b); *see also Novak-Canzeri v. Saud*, 864 F. Supp. 203, 206 (D.D.C. 1994) ("The claim itself must have arisen from the business transacted in the District or there is no jurisdiction.").

The alleged negligent operation of vehicles by Future Services in Kuwait and resulting injuries to the plaintiffs are extremely attenuated from Future Services's negotiation of contracts with the United States. Indeed, "an injury sounding in tort does not 'arise from' a contract for services for the purpose of specific jurisdiction." *Alkanani*, 976 F. Supp. 2d at 27. Plaintiffs' argument to the contrary borders on the absurd:

> It can be said "but for" [sic] the agreement by Future Services to consent to the jurisdiction of Courts in the District of Columbia, it would not have received the contract with the U.S. Government, and the Plaintiffs would not have been injured by Defendant's automobiles in which they were riding in [sic] at the time of their injures [sic].

Opp. at 11. "The critical test is whether the nonresident's conduct and connection with the forum state are such that he or she should reasonably anticipate being haled into court there."

consent thereto, the Court agrees with the Eleventh Circuit that "[t]his section . . . makes no mention of a waiver of personal jurisdiction and does not alter the required constitutional analysis that the court must consider." *Baragona v. Kuwait Gulf Link Transport Co.*, 594 F.3d 852, 855 (11th Cir. 2010).

*Trerotola v. Cotter*, 601 A.2d 60, 64 (D.C. 1991) (quotation marks and alteration omitted). Future Services could not have anticipated being haled into a District of Columbia court in connection with an accident that occurred in Kuwait, based solely upon Future Services's consent to the Court of Federal Claims adjudicating potential contract disputes with a third party.

Nor is there any reasonable connection between a lawsuit by Future Services against the United States seeking recovery for the alleged breach of an unrelated contract (involving the provision of different vehicles at a different time for use in a different country) and the tort claims the plaintiffs bring. Accordingly, none of the potential minimum contacts raised by the plaintiffs are sufficiently related to the actions underlying this lawsuit, leaving no support for the exercise of specific jurisdiction.

**C.   Plaintiffs Are Not Entitled to Jurisdictional Discovery.**

In the alternative, plaintiffs request that they be permitted to conduct jurisdictional discovery to "include at [a] minimum obtaining all contracts between Defendant and the United States Government." Opp. at 12. Plaintiffs' goal appears to be to learn "of all the relationships and transactions taken by Future Services in relation to the District of Columbia, the Plaintiffs, [and] the automobiles that they were riding in on

the date of their injury." *Id.* at 12–13. The defendant opposes this request. *See* Reply at 10–12.

"Whether to permit jurisdictional discovery rests in the discretion of the district court." *In re Papst Licensing GMBH & Co. KG Litig.*, 590 F. Supp. 2d 94, 101 (D.D.C. 2008); *see also FC Inv. Grp. v. IFX Markets, Ltd.*, 529 F.3d 1087, 1093 (D.C. Cir. 2008). Discovery is not warranted "where a plaintiff 'simply wants to conduct a fishing expedition in the hopes of discovering some basis of jurisdiction.'" *In re Papst*, 590 F. Supp. 2d at 101 (quoting *Base Metal Trading, Ltd. v. OJSC Novokuznetsky Aluminum Factory*, 283 F.3d 208, 215 n.3 (4th Cir. 2002)). "In order to engage in jurisdictional discovery, the plaintiff 'must have at least a good faith belief that such discovery will enable it to show that the court has personal jurisdiction over the defendant.'" *FC Inv. Grp.*, 529 F.3d at 1093–94 (quoting *Caribbean Broad. Sys. v. Cable & Wireless PLC*, 148 F.3d 1080, 1090 (D.C. Cir. 1998)).

For that reason, plaintiffs' desire to learn "of all the relationships and transactions taken by Future Services in relation to the District of Columbia" cannot support jurisdictional discovery without a clear articulation of the jurisdictional basis plaintiffs intend to prove. Plaintiffs failed to provide such a justification. Their existing jurisdictional allegations fall far short of the standards for

specific and general jurisdiction, and they have not described any fact that could be obtained in discovery to alter this conclusion. Indeed, plaintiffs seek merely to double down on their theory that the existence of contracts with the United States that contain a clause selecting the Court of Federal Claims as the forum for the resolution of any contract disputes somehow provides personal jurisdiction over this tort action. Jurisdictional discovery would not render this argument any more successful. *See supra* Part II.A–B.

**D.   The Case Will Be Dismissed Without Prejudice.**

Future Services asks the Court to dismiss this case with prejudice. *See* Mem. at 18. Plaintiffs oppose this request, citing *Intera Corp. v. Henderson*, 428 F.3d 605 (6th Cir. 2005), Opp. at 13, and defendant did not address this citation. *See* Reply at 12. The Court follows the general rule described in the decision cited by the plaintiffs that "dismissals for lack of personal jurisdiction should be made without prejudice," because a lack of jurisdiction in one court does not preclude a court of the appropriate forum from exercising jurisdiction. *See Intera Corp.*, 428 F.3d at 620–21.

**III. Conclusion**

For the foregoing reasons, the Court **GRANTS** Future Services's motion to dismiss this case. An appropriate Order accompanies this Memorandum Opinion.

SO ORDERED.

Signed:     Emmet G. Sullivan
            United States District Judge
            April 21, 2015